```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION


UNITED STATES OF AMERICA

vs.                                          3:06-cr-141-J-33MCR

ARNOLD CLAYTON
_____
```

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss Count II (Doc. # 33), filed on November 28, 2006. The Government's Response (Doc. # 34) was filed on December 14, 2006.

In his motion, Defendant argues that Count II of the Indictment should be dismissed because of alleged "outrageous government conduct." The alleged outrageous criminal conduct in question was that a confidential source was permitted to drive away from a government checkpoint while drinking a can of Busch Light beer. Defendant states that "[i]t is unclear how much beer and/or alcohol the informant consumed prior to the initial meeting with the police. However, . . . the informant's faculties may have been impaired while he was behind the wheel of his truck acting as an agent of the government." (Doc. # 33, p. 1.)

Defendant cites a number of cases in his motion, all of which relate to the standard a district court should apply on a motion to

dismiss for "outrageous government conduct."  As Defendant notes, in <u>United States v. Cofer</u>, 916 F.2d 713 (6th Cir. 1990), the Sixth Circuit held that:

> The outrageous government conduct defense bars government prosecution of a defendant when the conduct of law enforcement agents is so outrageous as to deny defendant the protection accorded under the due process clause of the Fifth Amendment.  The defense seeks to deter overzealous investigative conduct by the government, which violates fundamental fairness and is shocking to the universal sense of justice.  The application of this defense, however, is reserved for only the most intolerable government conduct.

(Doc. # 33, pp. 1-2.)  Four factors are considered when a defendant alleges "outrageous government conduct."  Those four factors are

> (1) the need for the type of government conduct in relationship to the criminal activity; (2) the preexistence of a criminal enterprise; (3) the level of the direction or control of the criminal enterprise by the government; and (4) the impact of the government activity to create the commission of the criminal activity.

(<u>Id.</u> at p. 2.)

Here, an analysis of the four factors does not support Defendant's Motion to Dismiss.  Defendant alleges that the conduct at issue occurred when the police and DEA agents permitted a confidential source to drive away from a checkpoint while drinking a can of Busch Light beer.  (Doc. # 33, p. 1.)  Defendant does not know if the informant had the beer in his hand when his car was searched at the checkpoint, or if he picked it up when he got back in the truck.  (<u>Id.</u>)  The Government denies that any agent knowingly allowed the confidential source to drink alcohol or drive

a vehicle under the influence of alcohol during the controlled buy. (Doc. # 34, p. 1.)  However, even if the agents' knowledge was assumed, the Government argues that "the defendant has not alleged any government conduct that rises even close to a level of 'outrageousness' that would allow him to be one of the few defendants to meet [the] stringent legal standard."  (Id. at 2)(citing United States v. Tobias, 662 F.2d 381, 387 (5th Cir. Unit B 1981)("outrageous government conduct" "can only be invoked in the rarest and most outrageous circumstances."); United States v. Haimowitz, 725 F.2d 1561, 1588 (11th Cir. 1984).  This Court agrees.

As the Eleventh Circuit has stated, "[t]o constitute a constitutional violation the law enforcement technique must be so outrageous that it is fundamentally unfair and 'shocking to the universal sense of justice mandated by the Due Process clause of the Fifth Amendment." United States v. Ofshe, 817 F.2d 1508, 1516 (11th Cir. 1987).  Conduct far more outrageous than that alleged here has not been found to meet this standard.  For example, the Court found that it was not sufficiently outrageous to warrant dismissal when the government set up a front company to sell-- and indeed actually did sell-- child pornography.  See United States v. Costales, 5 F.3d 480, 482-83 & n.2, 487 (11th Cir. 1993).  Nor was dismissal warranted when the government placed a "body bug" on a defendant's attorney and monitored the attorney's conversations

with the defendant.  See Ofshe, 817 F.2d at 1516.  Other examples abound, where the government engaged in behavior that, while not laudable, did not meet the standard for dismissal.  See, e.g., United States v. Fernandez, 388 F.3d 1199, 1238-39 (9th Cir. 2004)(no outrageous conduct when confidential informant permitted to contemplate murder); United States v. Cofer, 916 F.2d 713 (6th Cir. 1990)(no outrageous conduct when police advertised in swinger's magazine and solicited photographs and pedophilia, and used photograph of partially naked minors); United States v. Simpson, 813 F.2d 1462, 1470 (9th Cir. 1987)(no outrageous conduct when police used known prostitute as an informant even after becoming aware that she was sexually intimate with the defendant).

Finally, as the Government argues, even if the conduct were able to meet this very high standard, Defendant has failed to show how permitting a confidential informant to drink and drive violated his protected rights.  See Hampton v. United States, 425 U.S. 484, 490 (1976).  As a result, and in light of the abundance of authority cited above, which clearly shows that the conduct at issue here could not possibly meet the very high standard for outrageous conduct, Defendant's motion is due to be denied.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendant's Motion to Dismiss Count II (Doc. # 33) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 9th day of January, 2006.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

AUSA
Counsel of Record